UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v. Case No. 3:15cr36-MCR

RICHARD MICHAEL COLBERT
_____/

REPORT AND RECOMMENDATION

This matter was referred to the undersigned (doc. 113) for a hearing and report and recommendation on the Government's Motion to Revoke Defendant's Pre-Trial Release (doc. 111). The undersigned conducted the hearing on May 3, 2017. The Government moves for revocation of pretrial release under 18 U.S.C. § 3148. The statute provides that where, after a hearing, probable cause exists to believe the releasee "has committed a Federal, State, or local crime while on release;" and where the court finds that no combination of conditions of release will assure the releasee will not flee or pose a danger to the safety of any other person or the community, the order of pretrial release should be revoked and the defendant should be detained. 18 U.S.C. § 3148 (b)(1), (2). The statute further provides that if probable cause exists to believe the defendant has committed a felony, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose

a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

The standard being probable cause, I find such exists to believe the defendant has violated Section 454.31, Florida Statutes, which provides that any person who is knowingly under suspension from the practice of law by the Florida Supreme Court, who then practices law or holds himself out as an attorney at law or qualified to practice in Florida, commits a felony of the third degree. I also conclude, however, that despite the defendant's significant missteps, shown not only by the evidence at this hearing but also by the defendant's pleas of guilty to the indictment, the rebuttable presumption has been met, and conditions of release may be fashioned.

The Government's evidence shows that on January 31, 2017, almost 2 weeks after the defendant's license to practice law had been suspended by the Florida Supreme Court, the defendant appeared in Santa Rosa County before Circuit Judge John Simon and successfully argued on behalf of a client for summary judgment. Worse, by providing Judge Simon with an excerpt from a string of emails between himself and The Florida Bar, the defendant necessarily led Judge Simon to believe he was still authorized to practice law. In making this finding, I adopt the representations set out in the Government's Motion to Revoke at paragraphs 8-9. These matters have been proven.

The defendant's position is further complicated by his submission to the Bar of required affidavits failing to disclose either the Santa Rosa County case or the presiding judge, as required by the Bar.

Defendant also appeared before Judge William F. Stone in the Okaloosa County Circuit Court on February 24, 2017. Defendant and his solely owned P.A. had been named as defendants in the case there at issue. Defendant appeared on behalf of himself and his P.A. I do not find probable cause to believe a felony was committed in this instance. Defendant was not in a position to represent the P.A., but, based upon my experience, I sincerely doubt a prosecuting attorney would bring felony charges on the facts as presented. Although the P.A. was named as a defendant in the civil case, the acts of the defendant, as a lawyer, appear to have been at issue in the case. Unfortunately, the defendant acted unwisely and even deceptively by failing to disclose to the Bar the Okaloosa case, the name of the presiding judge, and the name of opposing counsel. Were the sole issue here the defendant's dishonesty, he could not prevail.

In finding conditions of release may be fashioned, I have considered the rebuttable presumption and the factors set forth in 18 U.S.C. Section 3142(g). I recognize the statute on its face pertains to release pending trial, but the factors

The defendant's position is further complicated by his submission to the Bar of required affidavits failing to disclose either the Santa Rosa County case or the presiding judge, as required by the Bar.

Defendant also appeared before Judge William F. Stone in the Okaloosa County Circuit Court on February 24, 2017. Defendant and his solely owned P.A. had been named as defendants in the case there at issue. Defendant appeared on behalf of himself and his P.A. I do not find probable cause to believe a felony was committed in this instance. Defendant was not in a position to represent the P.A., but, based upon my experience, I sincerely doubt a prosecuting attorney would bring felony charges on the facts as presented. Although the P.A. was named as a defendant in the civil case, the acts of the defendant, as a lawyer, appear to have been at issue in the case. Unfortunately, the defendant acted unwisely and even deceptively by failing to disclose to the Bar the Okaloosa case, the name of the presiding judge, and the name of opposing counsel. Were the sole issue here the defendant's dishonesty, he could not prevail.

In finding conditions of release may be fashioned, I have considered the rebuttable presumption and the factors set forth in 18 U.S.C. Section 3142(g). I recognize the statute on its face pertains to release pending trial, but the factors

enumerated at Section 3142(g)(1)-(4) apply where the judicial officer acts to determine whether conditions of release can be fashioned "that will reasonably assure the appearance of the person as required and the safety of any other person and the community. . ." 3142(g).[1] More to the point, Section 3148(b)(2) requires the court in this revocation proceeding to consider the Section 3142(g) factors in determining whether conditions of release may be fashioned. I also realize that even where the rebuttable presumption is met, it nonetheless remains in the case to be considered with all other evidence. *U.S. v. Hurtado*, 779 F. 2d 1467, 1479 (11th Cir. 1985).

---

[1] (g) **Factors to be considered**.--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including--
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Case No. 3:15cr36-MCR

The crimes to which the defendant has pled, although clearly crimes of dishonesty, are not among the crimes enumerated in Section 3142(g)(1). Through the collection of crimes in that subsection, Congress sought to place the focus on crimes of violence, crimes involving minor victims, and crimes involving firearms and explosive devices.

Because defendant has pled guilty, the weight of the evidence in the case is strong. 18 U.S.C. § 3142(g)(2). Such cannot be disputed.

The statutory sections concerning "history and characteristics" of the defendant, and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release," are of particular importance here. 18 U.S.C. § 3142(g)(3),(4). Accordingly, this report and recommendation will carefully consider those provisions in light of the evidence presented at the hearing.

The judicial officer is directed, under the heading of history and characteristics of the defendant, to consider "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. . ." 18 U.S.C. § 3148(g)(3)(A). Defendant admitted during his allocution that his character is not

what he hoped it would be. The underlying charges are all crimes of dishonesty, and the indication is that substantial monetary loss was occasioned by his criminal acts. The violation which I have found also involves dishonesty in representations made, and disclosures not made, to the court and to the Bar. Although this factor weighs against defendant on the whole, I have considered the character testimony of Ted Borowski, a Pensacola lawyer and longtime professional and personal acquaintance of defendant, as somewhat tempering the judgment that might be made solely upon consideration of the acts with which the defendant has been charged.

Physical health of the defendant does not appear to be a factor here. Mental condition, though, most certainly is. Defendant is now under the care of a mental health professional and has begun to confront the substantial shortcomings that have led him to where he is today. I am persuaded the defendant will continue with his treatment pending sentencing, and that incarceration at this point would erase the possibility of such treatment. Based on statements of counsel, defendant recognizes that the day of reckoning is coming.

In his statement to the court, the defendant emphasized his wife's condition and his need to be with his wife in the time he has remaining before sentencing. Although little would be gained by a detailed account, the defense has shown the defendant's

wife and the couple's adult children have suffered greatly as a result of the defendant's transgressions. I find the defendant has close ties to his family and has realized the harm, emotional and financial, he has caused them. Family ties weigh heavily in favor of imposing conditions of release.

The employment factor cuts both ways. The evidence shows the defendant is involved in a title company, Gulf Title. He has every reason to make efforts that might allow that business to persevere, even after sentencing in this case. The evidence might allow an inference that defendant engages in some practice of law through the title company, but the proof as to that is not sufficient. As a related matter, the defendant's finances are not healthy, and no evidence suggests he has the resources to flee.

Defendant is a longtime resident of Northwest Florida. He attended Choctawhatchee High School in Ft. Walton Beach and Florida State University Law School. He practiced law in this area during three decades and now makes his home at Pensacola Beach. His mother lives in the neighboring community of Milton. He has strong ties to the area.

Past conduct, construed to mean conduct before the acts giving rise to this case, appears to be a neutral factor. Admittedly, the court has little information in this

Case No. 3:15cr36-MCR

regard, but certainly there is no suggestion that past conduct, as I have applied that term, would weigh in favor of detention as a means to prevent flight, or to protect the community.

The Defendant has no known history of drug or alcohol abuse. No evidence of criminal history has been presented. He has appeared at all court proceedings.

The considerations of Section 3142(g)(3)(B) apply in the limited sense that the defendant was on pretrial release at the time of the alleged violations. This is not a particularly compelling consideration, however, as anyone accused of violating conditions of release would, of necessity, have been on release status.

Implicit in the Government's argument is that Section 3142(g)(4) should be heavily weighed. That section requires the court to consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." The Government says the defendant has continued to practice law and that such conduct rises to the level of a felony and poses a danger to unknowing clients. I have previously noted that the rebuttable presumption applies based upon probable cause to believe the defendant has committed a felony. This probable cause finding, however, is dampened by the circumstances presented. First, the court has no evidence of actual harm befalling another due to defendant's conduct while on

release.

Next, and adding a consideration to which the undersigned affords great weight, the United States Probation Office has looked into the defendant's conduct and declined to pursue revocation. In the words of Benjamin Pearce, Supervising United States Probation Officer, "At this point we don't have any evidence of a new law or technical violation." Defendant's Exhibit 1. The undersigned realizes the United States Attorney does not agree with this assessment, and I have found defendant did, in fact, practice law while under an order of suspension, in violation of Florida law. Nevertheless, and without formally affording *Chevron*-style deference to the United States Probation Office, I consider the view of Officer Pearce to be important. The Pretrial Services Division of the Probation Office is charged with supervision of the defendant and has had him under active supervision for some 23 months now. With one exception brought to my attention months ago, Pretrial Services has not offered the view that the defendant is a violator or that his continued release will pose a danger to any person or the community.

Finally, I have considered the testimony of Ted Borowski, who offers to serve as a third-party custodian. In observing Mr. Borowski during his testimony, I have concluded Mr. Borowski is genuinely surprised and disappointed by his friend's

criminal conduct.  Mr. Borowski said defendant's primary focus is to take care of his wife, while he can.  Mr. Borowski offers to maintain daily contact with the defendant and report any untoward conduct on defendant's part to the Pretrial Services Officer.  Mr. Borowski has a good reputation in this community as a longtime member of the Bar.

On balance, the defendant's conduct in appearing in circuit court and holding himself out as a lawyer is no cause for congratulations.  He transgressed and, in so doing, may well have committed a technical violation of Florida law, giving rise to the rebuttable presumption referenced above.  For the reasons stated, however, the undersigned finds the defendant is not a flight risk and does not pose a real danger to another person or the community.  The presumption, thus, is met and overcome.

Accordingly, it is respectfully recommended that:

1.	The Government's Motion to Revoke Defendant's Pretrial Release be DENIED.

2.	Defendant be continued on Pretrial Release with the additional condition that Ted Borowski, a practicing attorney and member of the bar of this court, be designated as third-party custodian. Defendant should be ordered to call or visit with Mr. Borowski no less than every Monday, Wednesday, and Friday, up to June 18,

2017, and respond truthfully to any questions Mr. Borowski poses. Mr. Borowski should be provided with a copy of the Conditions of Release entered in this case and should exercise due care to see that the defendant has not violated any condition. Should Mr. Borowski have cause to believe a violation has occurred, and, in particular, should Mr. Borowski have any indication that defendant is holding himself out as a lawyer, Mr. Borowski will immediately report such to the supervising Pretrial Services Officer.

Dated:   May 3, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within twenty-four (24) hours after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**